**Order entered January 17, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00784-CR
No. 05-18-00785-CR

**NICHOLAS LEON ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-39330-R & F17-10320-R**

## ORDER

Appellant's counsel has moved this court to extend the time to file the opening brief in these cases, counsel's second such motion in these cases. That same day, January 14, 2019, counsel filed substantially similar motions in four other appeals. Counsel filed the motion two days after the brief in these cases was due on first extension.

Specifically, the motion includes a paragraph discussing counsel's recent completion of a paper for a continuing legal education presentation. Counsel has given insufficient basis for this to be the primary reason for his failure to complete the appellant's brief. Preparing for a continuing legal education presentation, while laudable, should not preempt a lawyer's preparation of work due to the court. *See* Tex. Disciplinary Rules Prof'l Cond. R. 3.02, cmt. 3.

And the rest of the motion gives scant basis for granting the extension. In this, and in each of the four other motions for extension of time filed January 14, 2019, counsel cites the other four cases as part of the basis for his extension requests. This provides no basis on which to grant the extension in this case.

Counsel cites two cases outside of the five with pending motions for extension to justify the extension request. In the first, counsel represents he is preparing a motion for panel rehearing due on first extension January 18, 2019. But two of the three panel members who decided that case have departed this court, and counsel's motion for panel rehearing "must be denied." *See* Tex. R. App. P. 49.3. This provides insufficient basis for extending the time in this case.

In the second, counsel represents he is "co-counsel" in a capital murder appeal, number 05-18-00865-CR. The case is a "mini-cap," a death-penalty-eligible case in which the State did not seek the death penalty. The entire trial and sentencing record in that case, at 120 pages, is shorter than the voir dire, which is 139 pages long. Counsel provides no explanation why his work as co-counsel on that appeal justifies the extension here and thus this provides insufficient basis for granting counsel's requested extension in this case.

Finally, in his prayer, counsel cites rule 68.2(a), which sets forth the considerations in determining the due date for a petition for discretionary review to the Court of Criminal Appeals. This rule is inapplicable here.

The court **GRANTS** the motion in these cases based on counsel's representation that he has spent significant time preparing briefing in *Cortney Woods v. State*, No. 05-18-00444-CR, that he has identified and articulated specific issues in that case, that the brief in that case "should be" completed and filed on January 19, 2019, and that this is counsel's second request for

extension in this case. Work on a single appeal alone will not ordinarily satisfy rule 10.5(b)(1)(C)'s reasonableness inquiry.

The Court **ORDERS** Appellant's brief in these cases due **February 11, 2019**.

/s/     CORY L. CARLYLE
JUSTICE